**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile:  714 445-1002

Attorneys for Robert P. Mosier,
Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ROBERT P. MOSIER, Receiver for the receivership estate of Ngoc Ha T. Nguyen,<br><br>                     Plaintiff,<br><br>    v.<br><br>LUAN CONG NGUYEN,<br><br>                Defendant. | Case No. __<br><br>**VERIFIED COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFER OF REAL PROPERTY;**<br><br>**(2) TO QUIET TITLE TO REAL PROPERTY;**<br><br>**(3) TO IMPOSE A CONSTRUCTIVE TRUST; AND**<br><br>**(4) FOR INJUNCTIVE RELIEF** |

Robert P. Mosier, solely in his capacity as the Receiver (the "Receiver") for the receivership estate of Ngoc Ha T. Nguyen ("Ha Nguyen"), is informed and believes and based thereon alleges as follows:

## JURISDICTION AND VENUE

1.    This adversary proceeding is related to *Securities and Exchange Commission v. Kent R.E. Whitney et al.*, pending before the Hon. James Selna as Case No. 8:19-cv-499-JVS-KES (the "CHS Action").  The CHS Action was brought under federal securities laws, which create exclusive federal jurisdiction to enforce any liability or duty arising out of federal

1

securities laws.  *See* 15 U.S.C. §§ 77v(a), 78aa.  In the CHS Action, the federal district court appointed the Receiver and authorized him to bring suits under applicable law and, by order entered on September 27, 2019, authorized the filing of this suit in this Court under its ancillary jurisdiction because it is relates to the CHS Action and the recovery for investors in the CHS Action.  *See* 28 U.S.C. § 1367; Fed. R. Civ. P. 66; *Donell v. Kowell*, 533 F.3d 762, 769 (9th Cir. 2008).

## STATEMENT OF STANDING

2.     Pursuant to the *Amended Order Appointing Receiver* entered in the CHS Action on September 12, 2019, and the *Order Granting Ex Parte Application of the Receiver for Authorization to Commence Actions Pursuant to the Amended Order Appointing Receiver* entered in the CHS Action on September 27, 2019, the Receiver has standing to bring these claims.

## PARTIES TO THIS ACTION

3.     The Receiver is the duly appointed and acting Receiver for the receivership estates of Ha Nguyen, iCare Financial Solution, Inc., Kent R.E. Whitney, David Lee Parrish, Church for the Healthy Self a/k/a CHS Trust, and CHS Asset Management, Inc.  The Receiver anticipates that the receivership estates will be consolidated into one estate.

4.     On information and belief, the Receiver alleges that defendant Luan Cong Nguyen is a relative of Ha Nguyen and the record owner of the real property at issue in this case, which is located at 2977 Abigail Lane, San Jose, California 95121.  The legal description of this property is attached to this Complaint as Exhibit "A."

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## GENERAL ALLEGATIONS

5.      On March 13, 2019, the Securities and Exchange Commission ("SEC") commenced the CHS Action, which originally named Kent R.E. Whitney, David Lee Parrish, Church for the Healthy Self a/k/a/ CHS Trust, and CHS Asset Management, Inc. as defendants.  By order entered on March 14, 2019, the Receiver was appointed over the receivership estates of all of the original defendants.  In addition, based on evidence that funds belonging to investors had flowed through bank accounts in the name of Ha Nguyen and iCare, the district court entered an asset freeze order that resulted in the freezing of a number of bank accounts, including bank accounts held by Ha Nguyen and iCare.  In light of the entry of the *Amended Order Appointing Receiver*, the accounts related to Ha Nguyen and iCare are in the process of being turned over to the Receiver.

6.      The Receiver is informed that iCare is owned principally, if not entirely, by Ha Nguyen.  The Receiver is further informed that iCare informed its investors that effective March 1, 2018, it merged with CHS Trust.  The SEC alleges that CHS Trust and iCare were fraudulently soliciting funds from investors, and the Receiver preliminarily estimates that the claims of the defrauded investors will exceed $28 million.

7.      On March 28, 2019, the SEC took the deposition of Ha Nguyen, which she attended and at which she was represented by counsel.

8.      On August 14, 2019, Ha Nguyen signed a grant deed conveying title to real property located at 2977 Abigail Lane, San Jose, California. 95121, Assessor's Parcel Number 670-42-053 (the "Abigail Property") to Luan Cong Nguyen.  The grant deed was recorded that same day as document number 24255445 with the Santa Clara County Clerk-Recorder. Immediately after the recording of that grant deed, Ha Nguyen recorded a different grant deed under which she conveyed title to real property located

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    on Summereve Court in San Jose to her sister, Jennifer Nguyen.  The

2    Receiver is informed that Ha Nguyen owned both the Abigail Property and

3    the property on Summereve Court free and clear of any encumbrances.

4         9.     The Receiver is informed and believes and based thereon

5    alleges that Ha Nguyen transferred title to the Abigail Property with the

6    intention of shielding the asset from the Receiver and her other creditors,

7    including the investors of CHS Trust and iCare.

8         10.    The Receiver is informed and believes and based thereon

9    alleges that the Abigail Property was not listed for sale by a broker in the

10   months prior to its transfer to Luan Cong Nguyen and that its transfer to

11   Luan Cong Nguyen was not the result of an arm's length transaction.  The

12   Receiver is informed and believes that Ha Nguyen did not receive

13   reasonably equivalent value for the transfer of the Abigail Property.  The

14   Receiver is informed that when title to the Abigail Property was conveyed,

15   Ha Nguyen was either insolvent or rendered insolvent and had a number of

16   creditors, including the investors of CHS Trust and iCare, that remained

17   unpaid.

18        11.    The Receiver is informed and believes that funds traceable to

19   iCare and CHS have been used to improve and maintain the Abigail

20   Property.

21        12.    If Ha Nguyen had not transferred the Abigail Property to Luan

22   Cong Nguyen, it would have become property of the receivership estate of

23   Ha Nguyen when the Court entered the *Amended Order Appointing*

24   *Receiver* on September 12, 2019.

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## FIRST CAUSE OF ACTION

(For Avoidance and Recovery of Voidable Transfer Under Cal. Civ. Code § 3439.04(a)(1))

13.   The Receiver incorporates paragraphs 1 through 12 as fully set forth herein.

14.   The Receiver is informed and believes and based thereon alleges that Ha Nguyen's transfer of the Abigail Property to Luan Cong Nguyen was made with actual intent to hinder, delay, or defraud Ha Nguyen's creditors.  The Receiver believes that this transfer was one of several that were done in order to shield assets from creditors.

15.   As a result, the transfer of the Abigail Property is a voidable transaction and the Receiver seeks to recover the Abigail Property for the benefit of Ha Nguyen's receivership estate.

## SECOND CAUSE OF ACTION

(For Avoidance and Recovery of Voidable Transfer Under Cal. Civ. Code § 3439.04(a)(2))

16.   The Receiver incorporates paragraphs 1 through 12 as fully set forth herein.

17.   The Receiver is informed and believes and based thereon alleges that Ha Nguyen's transfer of the Abigail Property to Luan Cong Nguyen was done without Ha Nguyen receiving reasonably equivalent value for the Abigail Property and at a time when Ha Nguyen had incurred debts that she was going to be unable to pay as they came due.

18.   As a result, the transfer of the Abigail Property is a voidable transaction and the Receiver seeks to recover the Abigail Property for the benefit of Ha Nguyen's receivership estate.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**THIRD CAUSE OF ACTION**

(For Avoidance and Recovery of Voidable Transfer Under Cal. Civ. Code § 3439.05)

19.  The Receiver incorporates paragraphs 1 through 12 as fully set forth herein.

20.  The Receiver is informed and believes and based thereon alleges that Ha Nguyen's transfer of the Abigail Property to Luan Cong Nguyen was done without Ha Nguyen receiving reasonably equivalent value for the Abigail Property and at a time when Ha Nguyen was either insolvent, or rendered insolvent as a result of the transfer.

21.  As a result, the transfer of the Abigail Property is a voidable transaction and the Receiver seeks to recover the Abigail Property for the benefit of Ha Nguyen's receivership estate.

**FOURTH CAUSE OF ACTION**

(To quiet title to real property pursuant to

Cal. Civ. Proc. Code § 760.020 *et seq.*)

22.  The Receiver incorporates paragraphs 1 through 12 as fully set forth herein.

23.  The Receiver is informed and believes that although Luan Cong Nguyen holds record title to the Abigail Property, she did not pay fair, if any value for it, and therefore holds nothing but bare legal title.  He is further informed and believes that absent the recording of the grant deed, the Abigail Property would be property of Ha Nguyen's receivership estate and would be sold for the benefit of the beneficiaries of that estate.  The Receiver is informed and believes that funds traceable to deposits made by

1   investors in CHS and iCare were used to improve and maintain the Abigail

2   Property.

3       24.    Accordingly, pursuant to Cal. Civ. Proc. Code § 760.020 *et seq.*,

4   the Receiver seeks a determination that title to the Abigail Property was held

5   by Ha Nguyen at all relevant times and that as of September 12, 2019, it

6   was property of Ha Nguyen's receivership estate over which the Receiver

7   has sole control and authority.

8

9   <center>**FIFTH CAUSE OF ACTION**</center>

10    (For imposition of a constructive trust against the Summereve Property)

11      25.    The Receiver incorporates paragraphs 1 through 12 as fully set

12  forth herein.

13      26.    The Receiver is informed and believes and based thereon

14  alleges that Ha Nguyen used funds traceable to investors in iCare and CHS

15  to maintain and improve the Abigail Property.

16      27.    The Receiver is informed and believes and based thereon

17  alleges that Luan Cong Nguyen did not pay fair, if any, value for the Abigail

18  Property and is not its rightful owner and holds only bare legal title to the

19  Abigail Property, with a duty to convey the Abigail Property to the person or

20  entity to whom it rightfully belongs.

21      28.    Because the Receiver is informed and believes that Luan Cong

22  Nguyen holds only bare legal title to the Abigail Property, which would have

23  been property of Ha Nguyen's receivership estate but for the transfer to

24  Luan Cong Nguyen, and because funds traceable to the defrauded investors

25  were used to maintain and improve the Abigail Property, it rightfully belongs

26  to Ha Nguyen's receivership estate.

27      29.    Therefore, the Receiver requests that the Court impose a

28  constructive trust against the Abigail Property for the benefit of Ha Nguyen's

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   receivership estate and enter a judgment that title to the Abigail Property is

2   held by Ha Nguyen such that the Receiver can administer it for the benefit of

3   Ha Nguyen's receivership estate.

4

5               **RELIEF REQUESTED**

6            **On the First Cause of Action**

7       1.      For entry of a judgment avoiding the transfer of the Abigail

8   Property to Luan Cong Nguyen so that the Abigail Property can be

9   administered for the benefit of Ha Nguyen's receivership estate.

10      2.      For injunctive relief pursuant to Cal. Civ. Code § 3439.07(3)(A)

11  prohibiting Luan Cong Nguyen from encumbering or transferring the Abigail

12  Property pending final resolution of the claims in this case.

13

14           **On the Second Cause of Action**

15      3.      For entry of a judgment avoiding the transfer of the Abigail

16  Property to Luan Cong Nguyen so that the Abigail Property can be

17  administered for the benefit of Ha Nguyen's receivership estate.

18      4.      For injunctive relief pursuant to Cal. Civ. Code § 3439.07(3)(A)

19  prohibiting Luan Cong Nguyen from encumbering or transferring the Abigail

20  Property pending final resolution of the claims in this case.

21

22           **On the Third Cause of Action**

23      5.      For entry of a judgment avoiding the transfer of the Abigail

24  Property to Luan Cong Nguyen so that the Abigail Property can be

25  administered for the benefit of Ha Nguyen's receivership estate.

26      6.      For injunctive relief pursuant to Cal. Civ. Code § 3439.07(3)(A)

27  prohibiting Luan Cong Nguyen from encumbering or transferring the Abigail

28  Property pending final resolution of the claims in this case.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## On the Fourth Cause of Action

6.    For judgment quieting title to the Abigail Property in Ha Nguyen's receivership estate.

## On the Fifth Cause of Action

7.    For a judgment imposing a constructive trust against the Abigail Property for the benefit of Ha Nguyen's receivership estate and finding that title to the Abigail Property is held by Ha Nguyen such that the Receiver can administer it for the benefit of Ha Nguyen's receivership estate.

## On All Causes of Action

8.    For costs of suit; and

9.    For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  September 30, 2019      SMILEY WANG-EKVALL, LLP

By:  ___/s/ Kyra E. Andrassy___
     KYRA E. ANDRASSY
     Attorneys for Robert P. Mosier,
     Receiver

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1

# VERIFICATION

2  **STATE OF CALIFORNIA, COUNTY OF ORANGE**

3          I have read the foregoing VERIFIED COMPLAINT: and know its
   contents.

4

5          I am a party to this action.  The matters stated in the foregoing
   document are true of my own knowledge except as to those matters which
   are stated on information and belief, and as to those matters I believe them

6  to be true.

7          I declare under penalty of perjury that the foregoing is true and correct.

8          Executed on September 30, 2019, at Costa Mesa, California.

9

10

11          Robert P. Mosier, Reciever

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2803214.1

COMPLAINT